## Sloan v. Commonwealth.

(Decided September 27, 1910).

### . Appeal from Magoffin Circuit Court.

Intoxicating Liquors—Sale in Local Option Territory.—In a prosecution against one for selling whiskey in local option territory, the evidence showed that a fifteen-year-old brother, who was living with defendant, made the sale, and that defendant had a large quantity of whiskey in bottles stored in an old out-house, from which the sales were made. Appellant introduced no evidence. Held, that the jury evidently did not believe that a boy under 16 years of age was carrying on such an illegal business without the knowledge and permission of his elder brother.

J. W. HOWARD for appellant.

JAS. BREATHITT, Attorney General, and TOM B. McGREGOR, Assistant Attorney General, for appellee.

Opinion of the Court by Chief Justice Barker—
Affirming.

The appellant, Robert Sloan, was indicted by the
grand jury of Magoffin county, charged with the offense
of permitting liquor to be sold by retail on his premises,
in violation of the local option law prevailing in the dis-
trict where the premises are situated. Upon the trial
the jury found appellant guilty as charged in the indict-
ment, and fixed his punishment at a fine of one hundred
dollars. From this judgment the appellant prosecutes
this appeal.

There are several technical objections made to the
procedure, which we shall not notice further than to say
that they are, in our opinion, without merit. The indict-
ment was drawn under section 2572 of the Kentucky
Statutes, and is, we think, sufficient to support the judg-
ment rendered against appellant in the court below.

The evidence for the Commonwealth shows that the
prosecuting witness purchased a bottle of whisky from
George Sloan, a boy under sixteen years of age, who is a
brother of the defendant and lives with him as one of his
family. The premises belonged to the appellant. The
testimony shows, without contradiction, that there was a
large barrel of whisky in bottles, stored in an out-house
belonging to appellant, and it was from this barrel that
the young boy obtained the whisky sold to the prosecut-
ing witness. The question submitted to the jury was,
whether or not this sale by the boy was done with the
permission of appellant.

We think, from all the circumstances surrounding
this transaction, the jury were warranted in drawing the
conclusion that the sale was made with the knowledge
and permission of appellant. He was in an adjoining
house where he carried on a small merchandise venture
and which was near the place where the illegal sale was
made. Appellant introduced no evidence for himself,
but rested upon the suppose weakness of the Common-
wealth's case. The jury evidently did not believe that a
boy under sixteen years of age was carrying on an ille-
gal business such as that detailed above, almost in the
very presence of his elder brother without the permis-
sion of the latter; and no doubt this conclusion was
strengthened by the fact that appellant introduced no
evidence to show that the boy was operating on his own

account.   The illegal sale of whisky is not carried on openly and above board as is legitimate merchandising, but it is surreptitiously done, the real party attempting to keep in the back-ground, and for this purpose operating through some third person.   Undoubtedly, the jury knew this, and, so knowing, they reached the conclusion that the owner of the store and all the other property was also the owner of the barrel of whisky in the outhouse.   We do not feel warranted in saying that they were mistaken in this.   They were the judges of the facts, and we will not disturb their verdict.

The instructions of the court fairly presented the law of the case, and there was no error in the proceedings which would warrant a reversal of the judgment.

Judgment affirmed.