## Laswell v. Commonwealth.

(Decided November 9, 1911.)

Appeal from Barren Circuit Court.

1. Intoxicating Liquors—Sale of in Violation of Law—Sufficiency of Evidence.—In a prosecution for a sale of intoxicating liquors in violation of the local option law, evidence examined and held sufficient to sustain a conviction.

2. Instructions.—In a prosecution for a violation of the local option law, the court, besides other instructions told the jury that if they believed from the evidence to the exclusion of a reasonable doubt that the defendant, Guy Woods, sold any whiskey to Ben Campbell and that said whiskey was the property of the defendant, Laswell, or of the defendant and said Woods, or that the said Laswell was interested in the said whiskey, or in the profits of its sale and that it was sold with his consent then such transaction was in law a sale by defendant Laswell. Held, that this instruction, together with other instructions given properly presented the law of the case.

WHITE & SMITH for appellant.

JAMES BREATHITT, Attorney General, and CHAS. H. MORRIS for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Appellant, Claude Laswell, was arrested upon a warrant issued by a justice of the peace of Barren County,

charging him with the unlawful sale of spirituous, vinous and malt liquors in that county to one Ben Campbell, contrary to the local option law which was in effect in that county at the time of the sale. Upon a trial in that court a jury found appellant guilty and fixed his punishment at a fine of $60.00 and ten days' imprisonment at hard labor. Upon appeal to the Barren Circuit Court the jury returned a verdict of guilty and fixed his punishment at a fine of $60.00 and twenty days in jail at hard labor. From the judgment thereon this appeal is prosecuted.

Ben Campbell testified that he met one Guy Woods and asked the latter if he could get him some whiskey. He then gave him seventy-five cents. Woods went away and returned with a pint of whiskey which he delivered to witness. Guy Woods testified that he took the money from Ben Campbell and went to appellant and gave the latter the money. Appellant furnished him with a pint of whiskey. This he took and delivered to Campbell. There was also evidence to the effect that when Woods went to Laswell's place he saw a good deal of whiskey. He had been there before, and had seen considerable whiskey.

It was admitted that the local option law was in force in Barren County.

Appellant denied that he ever sold any whiskey to Guy Woods. He admitted, however, being in possession of two cases of whiskey which had been shipped to Guy Woods. These, he and another man took off of Guy's hands because Guy did not want the whiskey.

From these facts the court gave three instructions. In the first instruction he told the jury if they believed from the evidence to the exclusion of a reasonable doubt, that in April or May, 1911, in Barren County, the defendant, Claude Laswell, or said Laswell and his co-defendant, Guy Woods, sold to Ben Campbell any whiskey they should find the defendant guilty and fix his punishment as provided in the statute. In Instruction No. 2 the court told the jury if they believed from the evidence, to the exclusion of a reasonable doubt, that the defendant, Guy Woods, sold to Ben Campbell any whiskey, and that said whiskey was the property of said Laswell, or of said Laswell and said Woods, or that said Laswell was interested in the whiskey or in the profits of its sale, and that it was sold with his consent, then such transaction was in law a sale by defendant Laswell to said Campbell.

Instruction No. 3 was the usual instruction on reasonable doubt.

These instructions are not subject to criticism, but admirably presented the law of the case. Sloan v. Commonwealth, 140 Ky. 49. As no brief has been filed for appellant, we are unable to tell upon what grounds he relies for a reversal. We have, however, carefully considered the record, and have been unable to find any error prejudicial to his substantial rights.

The judgment is, therefore, affirmed.